BEFORE THE THIRD DIVISION, JUNE 30, 1958

No. 62156.—Freedman & Slater, Inc., a/c EBA International v. United States, protest 58/3108 (New York).

Opinion by JOHNSON, J. At the trial, it was stipulated that the collector's report contained facts which were true and correct. The collector's report stating that the Melitta coffeemakers in cases 241/21 to 241/31, inclusive, would now be classified as claimed, the protest was sustained accordingly.

No. 62157.—Ready Foods Canning Corp. v. United States, protests 189640-K, etc. (Laredo).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of meats, prepared or preserved, not specially provided for, similar in all material respects to the meat the subject of *United States* v. *Mercantil Distribuidora, S. A., et al.* (45 C. C. P. A. 20, C. A. D. 667), the claim of the plaintiff was sustained.

No. 62158.—International Packers, Ltd. v. United States, protest 277840-K (Laredo).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of meats, prepared or preserved, not specially provided for, similar in all material respects to the meat the subject of *United States* v. *Mercantil Distribuidora, S. A., et al.* (45 C. C. P. A. 20, C. A. D. 667), the claim of the plaintiff was sustained.

No. 62159.—Armour and Company v. United States, protests 313532-K and 313533-K (San Francisco).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of meats, prepared or preserved, not specially provided for,

similar in all material respects to the meat the subject of *United States* v. *Mercantil Distribuidora, S. A., et al.* (45 C. C. P. A. 20, C. A. D. 667), the claim of the plaintiff was sustained.

**No. 62160.**—E. G. Steinhilber & Co. *v.* United States, protest 247246–K (New York).

Opinion by DONLON, J.   It was stipulated that the frog legs in question were exported from the United States prior to liquidation under customs supervision and in compliance with all regulations of the Bureau of Customs under section 558 (a) (2), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and that liquidation of entry 832516 subsequent thereto erroneously failed to recognize that, pursuant to said section 558, duty was not chargeable on the merchandise so exported.   On the record presented, the protest was sustained as to said entry.   Having been abandoned as to all other entries, the protest was dismissed as to all other merchandise other than that covered by the entry 832516.

**No. 62161.**—Cresca Co., Inc. *v.* United States, protests 318499–K, 319214–K, and 319916–K (New York).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of soup mixes similar in all material respects to those the subject of *Cresca Co., Inc.* v. *United States* (38 Cust. Ct. 211, C. D. 1864), the claim of the plaintiff was sustained.

JULY 2, 1958

**No. 62162.**—Belgian Linen Importing Co. *v.* United States, protests 309205–K, etc.—Protests abandoned April 23, 1958.   (Not published.)   (Initial No. 160232–K (B).)   Plaintiff's application for rehearing granted.

**No. 62163.**—M. & D. Miller, Inc., and J. J. Murphy & Co. *v.* United States, protests 150308–K and 145957–K.—Protests abandoned June 17, 1958. (Not published.)   (Initial No. 145957–K.)   Plaintiffs' application for rehearing granted.

BEFORE THE FIRST DIVISION, JULY 8, 1958

**No. 62164.**—Manca, Inc. *v.* United States, protest 308919–K (New York).

OLIVER, Chief Judge:   This protest is limited to two items of merchandise described on the invoice as "Reflecting viewfinders" or "Polarizing filters" and marked "A" and checked "WR."   The articles were assessed with duty at the rate of 20 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930